Filed 1/13/26  P. v. Romero CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ERIC LEON ROMERO,<br><br>    Defendant and Appellant. | G063974<br><br>(Super. Ct. No. 16NF0612)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lance P. Jensen, Judge. Reversed and remanded for further proceedings.

Alex Coolman and William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Eric Leon Romero was convicted of six counts of committing sexual crimes against a 10-year-old victim (J.S.). Romero challenges only his conviction for one count of committing a forcible lewd act on a child under 14 years of age. (Pen. Code, § 288, subd. (b)(1).)[1] First, he argues there was insufficient evidence of this count beyond the evidence of the other separately prosecuted counts. Second, he argues the trial court erred by failing to instruct the jury regarding unanimity on this count. We disagree as to the first argument, but agree as to the second. Therefore, we reverse the judgment and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Eighteen-year-old Romero was a friend of J.S.'s older brother, and he was treated like a member of the family. In February 2016, Romero sexually assaulted J.S. while alone with her in her home.

At trial, J.S. testified she was lying on her stomach on her mother's bed when Romero entered the room and pulled her pants down. Romero got on top of her and J.S. felt pain and pressure at the opening of her vagina caused by Romero's penis. Romero also tried to put his penis in her anus. Romero then flipped her over, and tried to kiss her. At the same time, he was rubbing her nipples. At the time of trial, J.S. could not remember Romero doing anything else to her immediately after flipping her body over.[2]

---

[1] All further statutory references are to the Penal Code.

[2] The appellate record does not support the Attorney General's statement in the respondent's brief that J.S. testified Romero "was touching her with his hands" after flipping her over. The testimony from trial was as follows:

"Q. And during this time—well, while he was on top of you, was he touching you with his hands?

J.S. participated in an interview with the child abuse services team (CAST) two days after the assault. A videotape of the CAST interview was played at trial, and a written transcript was provided to the jury.

In the CAST interview, J.S. told the interviewer that after Romero flipped her over, he tried to kiss her. She could feel Romero's chest on her nipples, and feel his pubic hair in her groin area. She could also feel his penis in her vagina. J.S. also stated that after Romero flipped her over, he put his hands on her vagina, and then tried to put his mouth on her vagina.

Romero was convicted by a jury of sexual intercourse with a child 10 years old or younger (§ 288.7, subd. (a); count 1–sexual intercourse), two counts of battery (§ 242; count 2–attempted sodomy; count 3–oral copulation), committing a forcible lewd act on a child under 14 (§ 288, subd. (b)(1); count 4), and two counts of committing a lewd act on a child under 14 (§ 288, subd. (a); count 5–rubbing nipples; count 6–trying to kiss her). The trial court sentenced Romero to an indeterminate term of 25 years to life on count 1, plus a determinate term of six years on count 5. The court imposed concurrent terms on counts 4 and 6, and suspended imposition of sentence on counts 2 and 3.

Romero filed a timely notice of appeal.

---

"A. Yes.

"Q. Can you describe, if you remember, what sort of touching he was doing with his hands?

"A. I don't remember.

"Q. Was it on—I know you talked about him touching your nipples. Was he touching other parts of your body too?

"A. I'm not too sure."

3

DISCUSSION

I.

SUFFICIENCY OF THE EVIDENCE

Romero argues the evidence was insufficient to support a conviction on count 4, committing a lewd act in violation of section 288, subdivision (b)(1). The elements of this crime are that a defendant willfully touched any part of the body of a child under 14 years of age, while using force, violence, duress, menace, or fear of immediate and unlawful bodily injury to the child or someone else, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child. (§ 288, subds. (a), (b)(1); see CALCRIM No. 1111.) To establish "force" for purposes of section 288, subdivision (b)(1), "the prosecution must prove that the defendant used physical force substantially different from or substantially greater than that necessary to accomplish the lewd act itself." (*In re Asencio* (2008) 166 Cal.App.4th 1195, 1200; see *People v. Soto* (2011) 51 Cal.4th 229, 242.)

'"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] This determination 'presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citation.] Even '[e]vidence erroneously admitted is properly

4

considered in weighing the sufficiency of evidence to support a conviction, notwithstanding its erroneous admission.' [Citation.]" (*People v. Cardenas* (2025) 18 Cal.5th 797, 821.)

Romero argues there was no evidence of a lewd act committed by force or fear to support the conviction for count 4 that is different than the acts charged in the other counts. A defendant may not be convicted of both a crime and a lesser included offense of that crime. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) Commission of a lewd act against a child is a lesser included offense of forcible commission of a lewd act against a child. (*People v. Ward* (1986) 188 Cal.App.3d 459, 472.) Therefore, the acts that form the basis for the convictions on counts 5 and 6 (touching J.S.'s nipples and attempting to kiss her) cannot be the acts for which Romero was convicted on count 4.

The prosecutor argued to the jury that Romero's act of flipping J.S. over while lying on top of her and *continuing to touch her* was the act constituting the violation of section 288, subdivision (b)(1), on count 4. The prosecutor specifically argued the acts of touching J.S.'s nipples, and trying to kiss J.S. were the violations on counts 5 and 6.

On appeal, the Attorney General argues that Romero "forcibly flipped over [J.S.], then committed a distinct act of sexual touching when he touched the front of [J.S.'s] body." The Attorney General does not argue that the act of flipping J.S. over was in and of itself a lewd act punishable under section 288, subdivision (b)(1).

Considering J.S.'s trial testimony and her statements in the CAST interview, there was sufficient evidence before the jury of an act of sexual touching *distinct from the acts covered by counts 5 and 6*. In the CAST interview, J.S. told the interviewer that Romero's chest was on her chest, and his penis, mouth, and hands were on her groin or vagina. Any one of these

5

acts, following the forcible turning of her body, would constitute a violation of section 288, subdivision (b)(1), on count 4. Therefore, there was sufficient evidence supporting that conviction.

## II.

### UNANIMITY INSTRUCTION

Given the evidence supporting the conviction on count 4, discussed *ante*, we must conclude that the jury should have been given a unanimity instruction.

"[W]hen the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." (*People v. Covarrubias* (2016) 1 Cal.5th 838, 877–878.) A unanimity instruction is not required if the prosecution elects the specific act relied upon to prove the charge. (*People v. Jennings* (2010) 50 Cal.4th 616, 679. "'The prosecution can make an election by "tying each specific count to specific criminal acts elicited from the victims' testimony"—typically in opening statement and/or closing argument. [Citation.]' [Citation.]" (*People v. Brugman* (2021) 62 Cal.App.5th 608, 627.)

We review de novo whether the trial court erred in failing to give a unanimity instruction. (*People v. Hernandez* (2013) 217 Cal.App.4th 559, 568.)

The trial court has a sua sponte duty to instruct the jury as to unanimity, even in the absence of a defense request, when the evidence suggests more than one discrete crime, unless the prosecution makes an appropriate election. (*People v. Hernandez, supra*, 217 Cal.App.4th at p. 569.) In this case, Romero's counsel requested the trial court instruct the jury with CALCRIM No. 3502 on count 4. The court tentatively denied the request based on the prosecutor's stated intention to make an election.

6

During closing argument, the prosecution stated: "Now, going back to count 4, the one that has this extra element of force or fear, duress, menace. This is the extra element. . . . [T]his count is for when the defendant is on top of J[.S.]. She is laying face down and he forcibly flips her body over and continues to touch her body. Now, for force, the touching must be substantially different from or substantially greater than the force needed to accomplish the act itself. [¶] The crime of a [section] 288 that's charged in counts 5 and 6, it tells us that the defendant has to willfully touch the body part of a child either on the bare skin or through the clothing, that touching that is required for a [section] 288 and the difference between that and one by force where you have to use substantially more force or greater force, if you have the right intent when you touch a child that it's for your own sexual gratification or arousal or that of the child, it is the smallest, most minutiae touching you can have. If someone has the right intent and touches the shoulder of a child ever so slightly, [brushes] their hair behind their ear, that's a violation of [section] 288 without force. For the element of force, you just have to use more than that. [¶] So flipping J[.S.]'s body over and being on top of her while he continues to touch her, that's enough force, that's substantially more force than is necessary just for a touching. So when the defendant flipped J[.S.]'s body over and touched her, he committed that act using force. [¶] . . . When he flips her over to continually sexually assault her, he is doing it for his own sexual gratification. So that's how counts 4, 5, and 6 have all been proven to you beyond a reasonable doubt."

Although the prosecutor intended to make an election, she did not succeed in doing so. Defense counsel did not re-raise the request for

7

CALCRIM No. 3502 after closing argument, and the trial court did not instruct the jury with a unanimity instruction.[3]

However, in light of our conclusion, *ante*, that J.S.'s testimony and CAST interview provided sufficient evidence of touching by Romero distinct from the touching that formed the basis for counts 5 and 6, we also conclude that a unanimity instruction was necessary for count 4. As noted *ante*, there were several possible lewd acts Romero might have committed as or immediately after he flipped J.S.'s body over. In the absence of a unanimity instruction, the jury might not have agreed on the act he did commit. Even if they did agree on the act, there is no way of determining that it was not the same act they convicted him of in counts 5 and 6. The conviction for count 4 must therefore be reversed. On remand the prosecutor may decide to retry that single count, or may choose to forego retrial, in which case the trial court shall resentence Romero.

Romero and the Attorney General agree that the abstract of judgment contains errors that must be corrected. Because we are reversing, we need not address these errors at this time.

---

[3] We reject the Attorney General's argument that Romero forfeited this argument on appeal by failing to renew his request for a unanimity instruction after closing arguments. Because the trial court has a sua sponte duty to instruct on unanimity unless the prosecutor makes an election of the act, that duty remains if the prosecutor fails to successfully make their election, which is what happened here.

## DISPOSITION

The judgment is reversed. The conviction on count 4 is reversed, and the matter is remanded for further proceedings consistent with this opinion.


BANCROFT, J.*

WE CONCUR:


DELANEY, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.